[No. 9221.  Department One. — May 14, 1886.]

## SAMUEL W. HOLLADAY, RESPONDENT, *v.* CHARLES HARE, APPELLANT.

BANKRUPTCY — DISCHARGE — LIABILITY OF PROPERTY ATTACHED — JUDGMENT. — The action was commenced on the 16th of May, 1876, to recover the value of professional services rendered by the plaintiff to the defendant. On the following day, certain money belonging to the defendant, on deposit in the Bank of California, was levied upon under an attachment regularly issued in the action. On the 17th of June, 1876, the defendant procured the release of the property attached by giving the undertaking required by section 555 of the Code of Civil Procedure. Pending the action, on the 15th of March, 1877, the defendant instituted

proceedings for his discharge in bankruptcy, and on the 27th of September, 1878, obtained a certificate discharging him from all his debts existing on the 15th of March, 1877. The defendant set up his discharge as a bar to the action in a supplemental answer. Judgment was rendered in favor of the plaintiff as stated in the opinion. *Held*, that the judgment was proper, as the lien of the attachment, which accrued more than four months prior to the commencement of the bankruptcy proceedings, was not affected by the discharge.

ID. — *Held further*, that the portion of the judgment purporting to authorize a proceeding on the undertaking against the sureties was surplusage.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the head-note and opinion of the court.

*J. M. Seawell*, for Appellant.

*Warren Olney*, and *S. W. Holladay*, for Respondent.

McKINSTRY, J.— The judgment appealed from is as follows:—

"It is therefore now, by the consideration of the court, hereby ordered, adjudged, and decreed that the plaintiff herein, Samuel W. Holladay, do have and recover from the defendant herein, Charles Hare, the sum of three thousand and seventy-eight dollars and fifty cents ($3,078.50), with costs of this action, hereby taxed at $133. That the said sums of money so adjudged hereby to the plaintiff be enforced or satisfied out of the property attached in this action by the sheriff, on or about the sixteenth day of May, 1876, as appears by his return on file herein, if the said property shall be redelivered for that purpose; otherwise, by proceedings on the undertaking of the sureties, Daniel Dodge, P. H. Cooty, and H. C. Wright, filed herein June 17, 1876, on behalf of the defendant, Charles Hare, and given for the discharge of the writ of attachment and the release of the property taken thereunder, as appears by the papers on file in this cause."

The prosecution of the action to judgment had not been stayed by any order of the bankruptcy court. But the effect of the discharge of the defendant as a bankrupt was to prohibit a judgment which could be made out of any property of defendant other than that which was attached (more than four months before the commencement of the bankruptcy proceedings). (U. S. R. S., sec. 5044.) The plaintiff here was entitled to a judgment in form either general or limited to the property attached. The state law authorized a judgment enforceable, except to the extent that its enforcement was limited by the paramount authority of the law of the United States, adopted to carry out the bankruptcy jurisdiction conferred by the constitution on the courts of the United States. The appellant here cannot complain that the judgment provided for its collection only out of the property attached; that is, of a judgment collectible out of part instead of the whole of his property. Such would be the only mode in which the judgment could be satisfied if it had been general in its form.

In *Myers* v. *Mott*, 29 Cal. 359, it was held that a general judgment could not be rendered against an administrator, because the statutes provide for the form of the judgment in such case; and that the death of a defendant operated a dissolution of an attachment, because the statutes provide that a decedent's estate shall be distributed *pro rata*, etc.

There is nothing in that decision to indicate that, if the law relating to the estates of deceased persons had provided that property attached prior to the death should be made applicable to a claim thus secured, the law in that respect would not be recognized as valid.

In *Peck* v. *Jenness*, 7 How. 612, it was held that the second section of the bankrupt act of 1841 preserved liens valid by the laws of a state, and that when an attachment was issued, and the defendants afterward applied for the benefit of the bankrupt law, plea of bankruptcy

was not sufficient to prevent a judgment being rendered condemning the property under attachment. That a certain section of that act, if it stood alone, would make a plea in bankruptcy a good plea in bar of all debts; but the whole statute being construed together, this was not the result. And so, as it seems to us, with respect to the last bankrupt act.

The judgment of the Court of Common Pleas in New Hampshire, which was considered in *Peck* v. *Jenness,* was: "That the plaintiffs recover against the said Philip Peck and William Bellows $1,818.87 damages and costs of suit; which sums are to be levied only of the goods and chattels and estate of the defendants attached upon the plaintiff's writ aforesaid, and not otherwise."

There is no error in the judgment of the Superior Court so far as it provides for its satisfaction out of the property attached.

The portion of the judgment which relates to proceedings on the undertaking of the sureties is mere surplusage. It is simply a declaration of the right of the plaintiff to bring a suit against the sureties, — a right which he would have in any event. It is not determinative that the plaintiff has a cause of action against the sureties. It in no way limits or affects any legal defense of the sureties to an action which may be brought on their undertaking; nor does it determine any claim of the sureties against the defendant in case they shall hereafter attempt to make him respond for damages which they may be compelled to pay by reason of the undertaking.

There is no statute which authorizes the direct collection from the sureties of the judgment against the defendant, and they have not covenanted that a judgment (in the nature of a judgment by consent) shall be taken against them on the entry of a judgment herein against the defendant. If the court erred in admitting the undertaking in evidence, the error is immaterial, because

it did not injure the defendant, and cannot affect the rights of the sureties.

Judgment affirmed.

Ross, J., and MYRICK, J., concurred.

Hearing in Bank denied.